**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGELA NEWSOM,<br>Plaintiff,<br>v.<br>4H CONSTRUCTION SERVICES, LLC, *et al.*,<br>Defendants. | Civil Action No.<br>1:24-cv-01328-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant SWD Urethane's motion for attorneys' fees [ECF 87]. Pursuant to Fed. R. Civ. P. 54(d)(2), SWD seeks $118,507.44 in attorneys' fees and expenses following the Court's entry of summary judgment in its favor on Plaintiff Angela Newsom's products liability claims. Because SWD's motion fails to specify the statute, rule, or other grounds entitling it to attorneys' fees, as required by Fed. R. Civ. P. 54(d)(2), the motion is procedurally improper and due to be denied. Further, even considering SWD's arguments raised for the first time in its reply that Georgia substantive law entitles it to its fees here, SWD has not shown that Newsom's claims against it lacked substantial justification as necessary under O.C.G.A. § 9-15-14(b), and it cannot recover fees under O.C.G.A. § 13-6-11 as a defendant. SWD's motion is accordingly **DENIED**.

First, Fed. R. Civ. P. 54(d)(2) provides, as relevant here:

> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>
> > (i) be filed no later than 14 days after the entry of judgment;
> >
> > (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> >
> > (iii) state the amount sought or provide a fair estimate of it; and
> >
> > (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

SWD's motion contends, in circular fashion, that it is entitled to attorneys' fees under Fed. R. Civ. P. 54(d)(2) because Fed. R. Civ. P. 54(d)(2) permits recovery of attorneys' fees. But the rule is clearly "a ***procedure*** for presenting claims for attorneys' fees," Fed. R. Civ. P. 54 advisory committee's note (emphasis added), contemplating that the award itself is justified by a "statute, rule, or other grounds," Fed. R. Civ. P. 54(d)(2)(B)(ii); *accord MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999) ("Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees."). SWD's motion also refers to Fed. R. Civ. P. 56, but that rule contains no provision for the award of attorneys' fees to the

prevailing party. Under "the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (cleaned up). Thus, SWD's motion does not show that it is entitled to its claimed fees. While SWD raises O.C.G.A. §§ 9-15-14 and 13-6-11 as justifications in its reply, it is almost axiomatic that the Court will not "consider issues raised for the first time in a[ ] [movant's] reply brief." *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (collecting cases).

Second, lest SWD be tempted into renewing its motion to cure the procedural defect, its reliance on O.C.G.A. §§ 9-15-14 and 13-6-11 would be unavailing anyways. Beginning with § 9-15-14, SWD appears to misquote the statute. Section 9-15-14(a) provides for a mandatory fee award where a "party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Section 9-15-14(b) provides for a discretionary fee award if the Court "finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification," *i.e.*, that Newsom's claims were "substantially frivolous, substantially groundless, or substantially vexatious."[1]

---

[1] The Court also notes that federal district courts in Georgia have regularly held that, given the "markedly different" language in the respective subsections, the mandatory fee award under § 9-15-14(a) is not available in federal court,

The terms "abusive" and "stubbornly litigious" do not appear anywhere in § 9-15-14.[2]

The simple fact that Newsom failed to produce evidence sufficient to withstand summary judgment does not mean that her claims against SWD lacked substantial justification—if that were the case, nearly every plaintiff who loses at summary judgment would be liable for attorneys' fees. As the Court reasoned in its Order on summary judgment, Newsom presented evidence (apparently produced in discovery) of transactions between SWD and Defendant Keith Porter Home Insulating, Inc. (KPHI) around the time of the insulation work performed on her home that gave rise to this case; however, absent other evidence that the transactions involved the relevant type of insulation and that KPHI used the products purchased from SWD in Newsom's home, the Court concluded that this evidence did not support a reasonable inference that SWD manufactured the insulation used in her home.[3] While this was a failure of proof, it was not frivolous or groundless. The same is true of Newsom's failure to timely disclose or present expert evidence, as is typically necessary for a toxic tort claim. And, without

---

unlike the discretionary award under § 9-15-14(b). *Litsky v. GI Apparel, Inc.*, No. 1:03-CV-0701-CC, 2007 WL 9701365, at *2–3 (N.D. Ga. Feb. 23, 2007) (collecting cases).

2 "Stubbornly litigious" does appear in O.C.G.A. § 13-6-11.

3 ECF 76, at 23–26.

needlessly reopening the merits, the Court concludes that Newsom's characterization of her discovery of her personal injuries was not so substantially groundless as to warrant a fee award under § 9-15-14(b).

Lastly, as to § 13-6-11, "[u]nder the plain language of the statute, only a plaintiff is eligible to recover the expenses incurred in prosecuting his or her claim," and "[i]t is well established that OCGA § 13-6-11 does not permit the recovery of expenses incurred in defending a lawsuit." *Woodstone Townhouses, LLC v. S. Fiber Worx, LLC*, 358 Ga. App. 516, 539 (2021) (internal quotation marks and citation omitted).

Because SWD has not established its entitlement to attorneys' fees, its motion [ECF 87] is **DENIED**. This case remains closed.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge